## WAGNER et al. v. KEECHI OIL & GAS CO.

No. 10181—Opinion Filed June 15, 1920.

(Syllabus by the Court.)

**1. Oil and Gas—Assignment of Lease—Escrow Agreement—Drilling as Condition Precedent.**

Where an assignment of an oil and gas lease was placed in escrow on condition that if the assignee failed to start active drilling on a certain piece of land within 15 days from the date of said escrow agreement, the contract should be null and void, held, that the commencement of active drilling within 15 days was a condition precedent, and the failure to commence drilling within said time rendered said agreement null and void.

**2. Contracts—Breach—Waiver—Pleading.**

In order that a party may avail himself of a waiver of a breach of a contract, it is necessary for him to plead and prove said waiver.

Error from District Court, Caddo County; Will Linn, Judge.

Action by the Keechi Oil & Gas Company against Elmer T. Wagner and others to require delivery of assignment of an oil and gas lease. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Riddle & Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

McNEILL, J. This action was commenced in the district court of Caddo county by the Keechi Oil & Gas company against Elmer Wagner, W. H. Van, Farmers' State Bank of Cement, and F. E. Riddle to require the bank to deliver a certain assignment of an oil and gas lease executed by Wagner and Van, deposited in escrow in the Farmers' State Bank, to the Keechi Oil & Gas company. The petition alleged that on or about the 3rd day of June, 1916, Wagner and Vann, for a valuable consideration, executed an assignment of an oil and gas lease to the Keechi Oil & Gas company and deposited the

same to be held by the bank according to the terms of a written escrow agreement.

The escrow agreement, after setting out certain conditions that were to be performed by the Keechi Oil & Gas company, contained the following provision:

"The Farmers' State Bank of Cement, Oklahoma, shall deliver said assignment to the second party, but in the event that said second party should fail to start active drilling within a period of 15 days from this date or shall fail to drill continuously thereafter unless prevented by some act of God, then this contract shall be null and void, and said Farmers' State Bank shall surrender this contract and assignment to the first party."

This escrow agreement was dated June 1st, and signed by all the parties on said date except the secretary of the Keechi Oil & Gas company, who did not sign it until June 12th. The plaintiff alleged that it had complied with all the terms of the contract and was entitled to possession of the assignment. The defendant bank answered that it had no interest in the controversy, but was merely holding the assignment of the lease in escrow, and was willing to deliver the same to whomsoever the court decided was entitled to the same, but alleged that it was informed that the plaintiff had not complied with the escrow agreement. The defendants Vann and Wagner filed a separate answer, and denied that the plaintiff had complied with the escrow agreement, and alleged that the plaintiff had not commenced active drilling of said well mentioned in said escrow agreement within 15 days from the date of the escrow agreement as provided in said agreement, and did not begin active drilling until about the 12th day of July, and they set up numerous other defenses. To said answer the plaintiff filed a reply, which consisted of a general denial.

At the trial of the case, the court made certain findings of fact. The court found that the escrow agreement was dated the first day of June, 1916, and signed by Wagner and Vann, and executed by the Keechi Oil & Gas company by Bailey, its president, on said date, but the secretary did not attest his signature and affix his seal thereto until the 12th day of June, 1916. The court further found that the assignment of the lease was executed the 3rd day of June, but the acknowledgment of the assignment was not taken until the 1st day of July, 1916. The court found that the plaintiff did not begin active drilling on said well until between the 5th and 8th days of July, 1916. The court further found that under the contract the plaintiff had 15 days after the 1st day of July, 1916, to begin active drilling on said

well. The court made other findings which are immaterial. After making the findings, the court concluded from said findings, as a proposition of law, that the plaintiff was entitled to the assignment of the lease.

The defendants, for reversal of this case, contend that the provision in the escrow agreement that plaintiff should commence active drilling within 15 days from the date of the contract, was a condition precedent to its right to recover, and when the court found as a fact that active drilling did not commence until between July 5th and July 8th, the same was a finding that the condition precedent had not been complied with, and therefore plaintiff was not entitled to a delivery of the assignment.

The rule announced in 10 R. C. L. 635, in relation to escrow contracts, is as follows:

"The performance of the condition must be absolute and accurate and cannot be dispensed with on any otherwise substantial performance. * * * Where time is of the essence of the contract, the escrow holder has no authority to receive payment after the stipulated time has expired without the consent of both parties."

That the conditions in an escrow agreement upon which the delivery of the escrow article is to be delivered are conditions precedent, has been the holding of this court in the cases of Powers et al. v. Rude et al., 14 Okla. 381, 79 Pac. 89; Hallam v. Bailey, 66 Oklahoma, 166 Pac. 874; and Swift v. McAlester Trust Co., 55 Okla. 379, 154 Pac. 1175. The contract provided in plain and unambiguous terms that if active drilling were not commenced within 15 days from the date of the contract, the escrow agreement would be null and void. The court having found that drilling did not actually begin until more than 15 days after the date of the contract, it follows that plaintiff had not complied with the terms of the escrow agreement, and therefore was not entitled to recover by reason of said agreement. While the court found that the assignment of the lease was not deposited until the 1st day of July, and the plaintiff should have 15 days from that date to begin active drilling, in this the court committed error as the plaintiff founded its cause of action upon a written escrow agreement and contended that it had complied with the terms of that agreement. The defendants denied this fact, and admitted the contract was dated June 1st, but alleged that plaintiff had not commenced active drilling within 15 days from date of contract, and to this answer the plaintiff replied by general denial, so the issue in the trial of the case was clear upon this point. To support the holding of the trial court that the plaintiff was to have 15 days after the assignment was placed in the bank, if it was placed

there on the 1st day of July, 1916, it would be necessary for the court to make a contract for the parties different from what they themselves had made, as no such construction can be given to the written escrow agreement. The defendant in error, however, contends that the plaintiffs in error had waived the provision in the contract in relation to active drilling to begin within 15 days, but in order to avail itself of such a waiver, if there were any, it would have been necessary for it to plead the same. This court, in the case of St. L. & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 451, speaking through Mr. Justice Kane, had under consideration the waiver, and stated:

"The question of whether the carrier intends to waive the notice clause as a defense is a question of fact for the jury."

The plaintiff in this case attempted neither to plead a waiver nor to prove one.

At the close of the trial of the case, the plaintiff asked permission of the court to amend its petition to conform to the proof with respect to the time of deposit of the assignment of the oil and gas lease in the bank. This was objected to by the defendants for the reason it would involve a new issue in the case. The court failed to pass upon said motion, neither granting nor refusing the same. But we think this is immaterial. The motion to amend, in any event, was not sufficient to plead a waiver, nor that an additional agreement had been entered into between the parties at the time the escrow agreement was deposited. The evidence as to who deposited the agreement or the assignment of the lease is not clear, and there is no evidence that there was any conversation or agreement had between the parties when the papers were deposited, nor is it clear whether they were all deposited at the same time. In order for the plaintiff to recover, it would require an allegation that at the time of filing the contract it was understood that the plaintiff would have additional time from said date to begin active drilling, and the motion did not contain such an allegation, and there is no evidence in the case that such was the fact, nor is there any evidence that the defendants waived the provision of the terms of the written agreement, unless it can be said it was waived by the conduct of the parties, and that question was not an issue in the case.

The parties hereto have made a written escrow agreement and provided in said agreement that if active drilling should not begin on a certain well not located upon this leased premises, but on other property in the same vicinity, by a certain date, this assignment to this lease should be null and void. Now when the plaintiff asked for spe-

cific performance of its agreement it contended that it had complied with all the conditions of the escrow agreement, and the defendants denied that the plaintiff had complied with said agreement, and the court finds that the agreement had not been complied with. Under those facts the plaintiff was not entitled to recover.

This court is unable to change the terms of a written escrow agreement made by parties, or to make contracts for them different from what they have agreed upon themselves. If the plaintiff asked for relief under its contract and admitted that it had complied with the same, in order for it to recover, it would be necessary for him to plead that the provisions of the agreement that had not been complied with were waived; or, in the case at bar, if the assignment of the lease was not deposited until the 1st day of July, it was necessary to plead some new agreement to disclose that the plaintiff should have until the 15th day of July to commence active drilling of a well, or that said provision in the contract was waived.

For the reasons stated, the judgment of the court is reversed and remanded, with instructions to grant plaintiff in error a new trial.

RAINEY, C. J., and HARRISON, PITCHFORD, and JOHNSON, concur. RAMSEY, J., dissents.

---

Dissenting Opinion Filed June 29, 1920.

RAMSEY, J. (dissenting). I find myself unable to agree to a reversal of this case. With profound deference to the views of my associates, I think the case should be affirmed for these reasons: Briefly, the escrow agreement provided for its delivery to the bank concurrently with the delivery of the assignment of the lease. The escrow agreement made the commencement of actual drilling on a certain tract of land within 15 days from its date, to wit, June 1st. the condition to the delivery of the assignment. As I understand the record, neither the assignment nor the escrow agreement was delivered to the bank until about July 1st. After they were deposited in the bank, and about July 8th, the defendant in error commenced the actual drilling of the well required by the escrow agreement. The time limit in the escrow agreement expired before either the assignment or the escrow agreement was deposited in the bank. During the latter part of June and near the first of July, and after the 15 days had expired, Wagner, one of the plaintiffs in error (at that time engaged in

the supply business), actually sold some of the material used by the defendant in error in commencing and drilling the well. Wagner knew at the time he sold the material that it would be used in connection with the drilling of the well. I think the plaintiffs in error induced the defendant in error to believe that they had waived the time limit prescribed in the escrow agreement—in fact, it seems all parties proceeded upon that theory. No waiver was alleged by defendant in error, as plaintiff below, and while it is true that a waiver should be pleaded, the defendant in error at the close of all the evidence in the trial court moved the court to consider its petition amended to conform to the facts. While there was no express ruling on that motion, the findings of the trial judge show that he treated the pleadings as amended so as to allege a waiver. The trial judge found that the assignment and escrow agreement were delivered to the bank about July 1st, and that defendant in error commenced actual drilling on the well about the 8th of July. He found the facts in favor of the defendant in error and entered a decree in its favor. I think the findings by the trial judge conclusively show that he treated the pleadings as amended to conform to the evidence, as moved for by defendant in error. No one seems to have been taken by surprise during the trial. The time stipulated for performance of a condition prescribed in an escrow contract may be waived by conduct as well as by words. 16 Cyc. 578. I think the equities are with the defendant in error and that the judgment of the trial court should be affirmed.