## DICKERSON v. GEORGE et al.

No. 17249—Opinion Filed Sept. 14, 1926.

(Syllabus.)

**1. Appeal and Error—Questions of Fact—Conclusiveness of Findings—Injunction.**

The relief sought herein was an injunction

to prevent the delivery to the assignee of an assignment executed by the plaintiff to an oil and gas mining lease. The assignment had been delivered and the theory of the plaintiff was that it was delivered under a parol escrow agreement. As against this theory the defendants in interest contend that there was no such agreement. Held, that whether the delivery was in escrow was a question of fact, and the judgment of the trial court refusing the injunction was a finding against the plaintiff, and since the evidence reasonably tends to support such finding, the judgment on the same cannot be reversed.

2. Assignments — Consideration—Payment by Assignee of Purchase Price at Probate Sale.

The payment by an assignee of an interest purchased at a probate sale which the successful purchaser might otherwise be obligated to pay, with the understanding that the person paying should receive for his benefit an assignment of the interest in the realty purchased, constitutes a good and sufficient consideration to support the assignment.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Mose Dickerson against S. A. George and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Brett & Brett, for plaintiff in error.

Cruce & Potter, for defendants in error.

BRANSON, V. C. J. The plaintiff in error, Mose Dickerson, appeals from the judgment of the district court of Carter county, denying relief prayed by him in said court against S. A. George, R. A. Hefner, Louis Johnson, and Edwin B. Cox. The parties occupy the same relative positions in this court as in the trial court. They are, therefore, referred to as plaintiff and defendants. Without describing it, the land incidentally involved herein will be referred to as the Fogle land. What is referred to in the record as the Mullen estate owned an interest in the oil and gas mineral rights therein. Mary Fogle and her children owned the fee, one-half thereof belonging to Mary Fogle and some adult children, while the other half belonged to some minor children of whom Mary Fogle was the duly appointed guardian. As such gaurdian, she offered for sale an oil and gas lease on one-half of one-half or a quarter interest therein. At the sale in the probate court of the interest offered, the plaintiff herein was the successful bidder for the sum of $1,200, which sum was to be paid upon the approval by his attorneys, the defendants Hefner and Johnson, of the title. The lease was duly executed by the guardian, who was represented by one S. A. George as attorney. Considerable delay intervened before the money was paid to the guardian for the purchase price of the oil and gas lease on the minors' interest in the Fogle realty. Pending the same, one Edwin B. Cox, who is made a party defendant herein and pleads he is the real party in interest, began negotiations with all the parties interested in the minerals in the Fogle land with the view of securing both the Mullen interest, the interest of the adults, including Mrs. Fogle, and the interest of the minors covered by the lease sold as aforesaid to the plaintiff Dickerson. Many conversations took place with the defendant George, Mrs. Fogle, some of the adult children, and the defendants Hefner and Johnson, which resulted in the said plaintiff executing an assignment to the oil and gas lease, so purchased as aforesaid at guardian's sale, to one B. A. Williams, an employee of Edwin B. Cox, but who as assignee was to take and hold said assignment for the said Edwin B. Cox. The assignment was delivered to the said S. A. George. The $1,200 which the said plaintiff had agreed to pay to the guardian for the said lease was agreed to be paid by the said Edwin B. Cox, and was in fact paid to the guardian by him.

It is the contention of the defendant Cox that this assignment was made and delivered to S. A. George conditioned solely that the bid made by the plaintiff would be fully paid and satisfied, while it is the contention of the plaintiff that the said assignment was delivered to the said S. A. George in escrow, not to be delivered to the assignee, or to his benefit nor to the benefit of any one the assignee represented, except upon the condition that eight acres of royalty or a note for $200 was delivered to the said S. A. George for the benefit of the plaintiff. The said George, in turn, delivered the assignment to the defendants Hefner and Johnson with the intention that through them the same should be delivered on their approval of the title to the assignee, Williams, for the benefit of Edwin B. Cox. To prevent such delivery the plaintiff filed his petition seeking an injunction. The trial court rendered a temporary injunction without bond and without notice, but on trial of the cause in February, 1926, the injunction was dissolved, plaintiff's motion for new trial was denied, and the appeal herein followed.

Error is predicated upon two theories: That the delivery of the assignment was an escrow, and that the condition thereof had not been complied with, and that an injunction should prevent the injury consequent

upon the delivery without the escrow conditions being met. If in fact it had been an escrow between the parties in interest, the authorities cited by the plaintiff in error would doubtless be controlling. 8 R. C. L. 978; Hapwood v. City National Bank (Tex. Civ. App.) 230 S. W. 775; 8 R. C. L. 994; 10 R. C. L. 623; Day et al. v. Townsend et al. (Tex. Com. App.) 238 S. W. 213; Wagner et al. v. Keechie Oil & Gas Company. 79 Okla. 3, 190 Pac. 864; Seibel v. Higham (Mo.) 115 S. W. 987.

It is, however, not in dispute that the alleged escrow. if it existed at all, was by virtue of a conversation between the said S. A. George and the plaintiff, in which the plaintiff contends he was to have either the note or royalty interest before the instrument, to wit, the assignment, was delivered. The real party in interest, to wit, the defendant Edwin B. Cox, was not a party to this understanding, if in fact it was made, and he paid out his money, the amount of which the plaintiff was otherwise obligated to pay to the guardian conditioned, as he understood. that the assignment was to be delivered to the assignee for his benefit.

But even if such an oral conversation, without the parties in interest having agreed upon the same, could be considered an escrow (and this we will not discuss further), under the facts pleaded here and in dispute, it was a question of fact to be determined from the evidence introduced. On this question it is reasonable to infer from the testimony of several witnesses that the value of oil and gas leases in this vicinity was fluctuating and that the interest purchased at the probate sale by the plaintiff had in fact decreased in value before the assignment was delivered and that the plaintiff was willing to assign his interest to any one who would pay the amount he had agreed to pay. The evidence would certainly reasonably tend to support this conclusion, and the trial court in dissolving the injunction found that issue against the plaintiff.

The plaintiff now contends that there was no consideration to support his assignment. We think this is clearly without merit from the record. The plaintiff was relieved of the obligation to pay for the lease, and it was paid by another person. He was also relieved from the obligation to pay the attorney fees in examining the title. The judgment of the trial court cannot, on the record, be reversed. Affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 881, §2853. (2) 5 C. J. p. 932, §91.